James C. FISSELL, Plaintiff–Appellant,

v.

CENTURY 21 REAL ESTATE CORPORATION, Defendant–Appellee,

James C. Fissell, Plaintiff–Appellant,

v.

Century 21 Real Estate Corporation, Defendant–Appellee,

and

Metropolitan Life Insurance Company, Defendant.

No. 00–15364, 00–16493.
D.C. No. CV–96–00201–RCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 16, 2001.

Decided Oct. 17, 2001.

Before WOOD,* KOZINSKI, and O'SCANNLAIN, Circuit Judges.

### MEMORANDUM **

James Fissell appeals from the district court's Fed.R.Civ.P. 52(c) judgment in favor of Century 21 Real Estate Corporation ("Century 21") on his breach of contract suit and the court's subsequent award of attorney's fees and costs to Century 21. We review the district court's findings of fact for clear error and its conclusions of law de novo. *Price v. United States Navy,* 39 F.3d 1011, 1021 (9th Cir.1994). We also review de novo the question of whether

* Honorable Harlington Wood, Jr., Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

attorney's fees are proper under a contract or under state law. *Resolution Trust Corp. v. Midwest Fed. Sav. Bank,* 36 F.3d 785, 799 (9th Cir.1993).

This suit arises out of a contract entered into in connection with the sale by Fissell to Century 21 of an on-going business, Western Relocation Management, Inc. ("Western"). Fissell contends the district court erred in finding that Century 21 did not breach the contract when it decreased Western's pretax income for 1995 and 1996 to reflect imputed interest on amounts that had been converted for classification purposes from money owed on line of credit to paid-in capital. Fissell urges us to treat this finding as a conclusion of law and apply a de novo standard of review. Even if we were to apply this less deferential standard, the district court must be affirmed. Western was a stand-alone entity for accounting purposes. The imputed interest deduction was consistent with Western's history of utilizing an interest-accumulating line of credit from its parent company. The district court therefore did not err in holding that the imputed interest deduction did not constitute a breach of contract.

Fissell further argues that pretax income for 1995 and 1996 should be adjusted upward to reflect the earnings Western could have realized on funds that were transferred as "non-interest-bearing advances to parent." However, the district court expressly found that the "calculation of imputed interest expense for 1995 and 1996 incorporated the 'advances'" by treating them as reductions to the outstanding loan balance. Fissell fails to show that this factual finding is clearly erroneous.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

The remainder of Fissell's earnout claims, taken in aggregate, do not concern sufficient monetary amounts to exceed the cumulative threshold, and therefore we need not address them. Under the contract, "[i]f it is determined at the end of the Total Earnout Period that the amount in the Holdback Account is a negative number, then Purchaser shall not pay Seller anything and Seller shall not pay Purchaser anything." Because the cumulative threshold was not met, Fissell was not entitled to an earnout payment for 1992 through 1996. Century 21 tendered checks to Fissell for the 1992 and 1993 earnout payments, rather than depositing these amounts into the Holdback Account. Fissell, however, refused these payments and declined to cash the checks. Century 21's attempted payments, which were never accepted, do not constitute a waiver of the Holdback provision.

■ With respect to Fissell's contention that the final balance sheet should be adjusted to reflect $216,799.70 in uncashed checks that were eventually taken back into Western's income, the contract does not address adjustments to the final balance sheet. Fissell testified at trial that he had no recollection of any agreement regarding such adjustments. The fact that, in order to resolve a dispute with Fissell, Century 21 made one adjustment to the final balance sheet does not obligate Century 21 to make further adjustments. Under the contract, Fissell was responsible for preparing the final balance sheet. Fissell's expert testified that the choice to include the uncashed checks as liability on the final balance sheet was an "accounting error" and characterized Fissell's accountants' failure to investigate these uncashed checks at the time the final balance sheet was prepared as "incomprehensible." Century 21's refusal to adjust the final balance sheet to correct an error by Fissell's accountants does not constitute a breach of contract. The district court's grant of Rule 52(c) judgment in favor of Century 21 is therefore affirmed.

■ The district court's award of fees and costs is affirmed as well. The contract provides that, in disputes arising under it, "the successful, prevailing or non-defaulting party shall be entitled to recover reasonable attorneys' fees ... and other costs incurred." The district court granted summary judgment in favor of Century 21 on Fissell's claim for an accounting and judgment as a matter of law in favor of Century 21 on Fissell's remaining claims. Century 21 is the prevailing party under both the contract and California law. *See* Cal. Civ. Code § 1717(b)(1) (defining "party prevailing on the contract" as "the party who recovered a greater relief in the action on the contract").

AFFIRMED.